Nathaniel K. Charny (NC 5664)
Charny & Associates
9 West Market Street
Rhinebeck, NY 12572
Tel. (845) 876-7500
Fax. (845) 876-7501

Thomas Lamadrid (TL 6969)
Eisner & Dictor, PC
39 Broadway, Suite 1540
New York, NY 10006
Tel. (212) 473-8700
Fax. (212) 473-8705

Attorneys for Plaintiff Timothy Batiste

| | |
|---|---|
| TIMOTHY BATISTE, on behalf of himself and those similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>EPIC SECURITY CORP., MARK LERNER, in his individual capacity, HENRY CULLEN, in his individual capacity, and HECTOR HERNANDEZ, in his individual capacity, all jointly and severally,<br><br>Defendants. | COLLECTIVE AND<br>CLASS ACTION COMPLAINT<br><br>Civil Action No. _____ |

Plaintiff Timothy Batiste (herein Plaintiff or Batiste), on behalf of himself and those similarly situated, by and through his attorneys Charny & Associates and Eisner & Dictor, P.C., brings this action pursuant to the Fair Labor Standards Act (FLSA) and New York Labor Law (NYLL) on behalf of himself and those similarly situated, to recover unpaid wages from Defendants Epic Security Corp., Mark Lerner, Henry Cullen and Hector Hernandez (collectively herein Defendants), and in support alleges as follows.

1

## JURISDICTION AND VENUE

1. This action arises under Federal statute, 29 U.S.C. § 216(b).

2. This Court has supplemental jurisdiction over the New York State claims pursuant to 29 U.S.C. § 1367.

3. The events and omissions giving rise to Plaintiff's claims occurred in this judicial district.

## THE PARTIES

4. Plaintiff Timothy Batiste is an adult individual that was formerly employed by Defendants.

5. Defendant Epic Security Corp. (herein Epic Security) is an active foreign business corporation whose principal executive office is located at 2067 Broadway, New York, New York, 10023.

6. Defendant Mark Lerner is the chief executive officer and president of Epic Security.

7. Defendant Henry Cullen is a scheduling manager at Epic Security and was a supervisor of Batiste.

8. Defendant Hector Hernandez is an operations manager at Epic Security and was a supervisor of Batiste.

9. For all times relevant to this Complaint, Defendants Lerner, Cullen and Hernandez were and are joint employers of Plaintiff, acting indirectly and directly in each other's interests in relation to Plaintiff's employment.

10. For all times relevant to this Complaint, Defendants Lerner, Cullen and Hernandez individually and jointly maintained control over all aspects of the day-to-day

functions of Epic Security, including: (i) operational control over the operational enterprise, including actively managing, supervising and directing the business operations; (ii) power to establish, and in fact establishment of, the terms of employment of Plaintiff and others similarly situated; (iii) power to hire and fire; (iv) control over employee work schedules; (v) the ability to determine the rate and method of employee payment; and (vi) maintaining employment records of the employing entity.

11.     For all times relevant to this Complaint, Defendants Lerner, Cullen and Hernandez acted directly and indirectly in Defendants' interests in relation to its employees, including Plaintiff and others similarly situated.

## STATEMENT OF CLAIMS

12.     For all times relevant to the instant Complaint, upon information and belief, Defendants have constituted an enterprise engaged in commerce, as defined by 29 U.S.C. § 203(s)(1), with a gross annual volume of business done of not less than $500,000 and with employees engaged in commerce, as defined by 29 U.S.C. § 203(b).

13.     For all times relevant to the instant Complaint, upon information and belief, upon information and belief, Defendants' employees have engaged in commerce by regularly travelling between New York and New Jersey and regularly providing security services between New York and New Jersey.

14.     For all times relevant to the instant Complaint, upon information and belief, employees of Defendants have regularly used interstate wires when communicating with customers in New York and New Jersey.

15.     For all times relevant to the instant Complaint, upon information and belief, Defendants have performed related activities through unified operations or common control with

the common purpose of running a for-profit business that provides security services in New York City and the New York and New Jersey metropolitan area.

16. From on or about February 27, 2014 to July 5, 2016 (herein Plaintiff's Employment Period), Defendants employed Batiste to work for Epic Security as a Security Officer.

17. Throughout Plaintiff's Employment Period, Batiste engaged in commerce, as defined by 29 U.S.C. § 203(b).

18. Batiste engaged in commerce in the course of his employment with Defendants by regularly travelling between New York and New Jersey and regularly providing security services between New York and New Jersey.

19. Batiste was a covered employee under the FLSA and was not exempt from the minimum wage and maximum hour requirements under 29 U.S.C. § 213.

20. During Plaintiff's Employment Period, Plaintiff reported to work at Defendants' main office in New York City. At the main office, Plaintiff would pick up the assigned company vehicle, all the necessary equipment, as well as his assigned job site or work location.

21. From the main office, would travel in the company vehicle to and from the job site or work location from Defendants' main office in New York City.

22. At the end of teach assignment, Plaintiff was obligated to return from the job site or work assignment to the main office in order to return the Defendants' vehicle and equipment.

23. During Plaintiff's Employment Period, Defendants failed to recognize let alone pay for Batiste's time spent travelling between Epic Security's main office, where he reported to work, to and from each respective job site or work location.

24.     Once these additional hours of work are added to Plaintiff's work week, Plaintiff typically and routinely work for Defendants in excess of forty hours a week.

25.     The weeks Batiste worked in excess of forty hours per week, include but are not limited to, the weeks ending July 26, 2015, June 21, 2015, May 31, 2015, March 15, 2015, April 6, 2014, March 30, 2014, March 16, 2014, and March 9, 2014.

26.     For each such week including but not limited to those stated above, Plaintiff worked between 45 and 70 hours per week, depending on the work site assignment and travel time.

27.     During Plaintiff's Employment Period, Defendants failed to provide Batiste with wage notices, containing among other things the rates of pay and basis thereof, allowances, regular pay day, name of employer, any additional business names, physical address of employer and telephone number, in violation of NYLL § 195(1).

28.     During Plaintiff's Employment Period, Defendants failed to provide Batiste with wage statements that accurately listed the hours he worked, in violation of NYLL § 195(3).

29.     During Plaintiff's Employment Period, Defendants willfully failed to pay Batiste the minimum wage rate required by the FLSA, 29 U.SC. § 203, for hours he worked.  In particular, Defendants failed to pay Batiste any wages for the time he spent travelling between Epic Security's main office and his respective job sites.

30.     During Plaintiff's Employment Period, Batiste worked for Defendants in excess of forty hours some weeks, but Defendants willfully failed to pay Batiste at the overtime rate required by the FLSA, 29 U.S.C. § 207, for time in excess of forty hours that he worked each week.

31. During Plaintiff's Employment Period, Defendants willfully paid Batiste below the minimum wage rate required by NYLL § 652 and 12 NYCRR 142-2.1 for hours he worked.

32. During Plaintiff's Employment Period, Defendants willfully failed to pay Batiste at his regular rate for all the hours he worked each week and deducted from his wages in violation of NYLL § 193.

33. During Plaintiff's Employment Period, Defendants willfully failed to pay Batiste at the overtime rate required by NYLL, 12 NYCRR 142-2.2, for the time in excess of forty hours that he worked those weeks.

## FLSA COLLECTIVE ACTION ALLEGATIONS

34. Batiste brings this suit as a collective action pursuant to section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all non-exempt persons employed by Defendants as Security Officers, on or after the date that is three years before the filing of this Complaint (the "FLSA Collective Plaintiffs").

35. For purposes of the FLSA collective action, the collective is defined as all non-exempt employees of Defendants that were employed by Defendants as security officers on or after the date that is three years before the filing of this Complaint.

36. At all times relevant to this complaint, and upon information and belief, Batiste and the FLSA Collective Plaintiffs are or have been similarly situated, have had similar compensation provisions, have been subject to Defendants' policies and practices of willfully failing to pay minimum wages and failing to pay overtime wages at a rate of one and one-half times an employee's regular rate for hours worked in excess of forty per workweek.

37. In particular, Defendants have a policy of not paying any wages for the time Security Officers spend travelling between Epic Security's main office and their respective job

6

sites, and Defendants have applied this policy to Batiste and the FLSA Collective Plaintiffs. Thus, Batiste's claim is identical to those of the FLSA Collective Plaintiffs.

38. The FLSA Collective Plaintiffs are readily ascertainable. For notice and all other purposes related to claims brought under 29 U.S.C. § 216(b), the names and addresses of the FLSA Collective Plaintiffs are available from Defendants' records. Notice can be provided via first class mail to the last address known to Defendants for each of the FLSA Collective Plaintiffs.

39. Defendants willfully violated the rights of Batiste and the FLSA Collective Plaintiffs through Defendants' unlawfully policy and practice of not compensating Batiste and the FLSA Collective Plaintiffs for time spent travelling between job sites and Epic Security's main office.

## RULE 23 CLASS ACTION ALLEGATIONS

40. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Batiste brings his second, third, fourth, and fifth claims for relief on behalf of all non-exempt persons employed by Defendants as Security Officers on or after the date that is six years before the filing of this Complaint.

41. The non-exempt persons employed by Defendants as Security Officers on or after the date that is six years before the filing of this complaint are the "Class." The period of six years before the date this Complaint is filed is the "Class Period."

42. The members of the Class are readily ascertainable.

43. The number and identity of the members of the Class can be determined from Defendants' records.

44. The hours assigned and worked, the positions held, and the rates of pay for each member of the Class can also be determined from Defendants' records.

45. For purposes of notice and other purposes related to this action, the names and addresses are available from Defendants' records.

46. Notice can be provided by means permissible under Rule 23 of the Federal Rules of Civil Procedure.

47. The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court.

48. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of the Defendants, upon information and belief, there are more than 100 members of the Class.

49. Batiste's claims are typical of the claims that can be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions.

50. All the members of the Class were and are subject to the same corporate practices of Defendants, namely the policy and practice of failing to pay minimum wage and overtime compensation to employees for time spent traveling between Epic Security's main office and the employees' respective job sites.

51. Defendants' corporate-wide policies and practices affected all members of the Class similarly, and Defendants improperly benefitted from the same type of unfair and wrongful acts as to each member of the Class.

52. Batiste and the members of the Class sustained similar losses, injuries, and damages due to the same unlawful policies, practices, and procedures of Defendants.

53. Batiste can fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class.

54. Batiste is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and who have previously represented class actions in wage and hour cases.

55. A class action is superior to other available methods for the fair and efficient adjudication of this controversy, particularly in the context of wage and hour litigation where individual members of the class lack the financial resources to vigorously prosecute a lawsuit against corporate Defendants.

56. Class action certification will allow a large number of similarly situated individuals to simultaneously and efficiently prosecute their common claims in a single forum without the unnecessary duplication of efforts and expenses that numerous individual actions would bring about.

57. Because the losses, injuries, and damages suffered by each of the Class members are small in the sense pertinent to a class action analysis, the expenses and burdens of individual litigation would make it extremely difficult or impossible for the individual members of the Class to redress the wrongs due to them. Furthermore, important public interests will be served by addressing the matter as a class action.

58. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action could result in a significant saving of these costs.

59. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of

the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of Class members' rights and the disposition of their interest through actions to which they are not parties.

60. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this as a class action.

61. Class action litigation provides class members a degree of anonymity that would normally deter an individual from pursuing suit to vindicate their rights while due to fear of risk of loss of current or future employment.

62. There are questions of law and fact common to the Class which predominate over any questions affecting only individual members of the Class, including: (i) whether Defendants employed Batiste and the Class members within the meaning of New York law; (ii) whether Defendants paid Batiste and the Class members the Federal and New York minimum wage for all hours worked; (iii) at what common rate, or rates, subject to common methods of calculation, were Defendants required to pay Batiste and the Class members for their work; (iv) whether Defendants failed to pay Batiste and the Class members for time spent traveling between Epic Security's main office and their respective job site; (v) whether Defendants willfully failed to pay Batiste and the Class members at the overtime rate for all hours worked in excess of forty hours per workweek; and (vi) whether Defendants failed to comply with the NYLL's wage notice and reporting obligations.

FIRST CAUSE OF ACTION
Fair Labor Standards Act
29 U.S.C. §§ 201 et seq.
Failure to Pay Minimum Wage

63.    Batiste, on behalf of himself and the FLSA Collective Plaintiffs, re-alleges and incorporates by reference all preceding paragraphs as if they were set forth fully herein.

64.    Defendants' unlawfully failed to pay minimum wages to Plaintiff and the FLSA Collective Plaintiffs

65.    Plaintiff and the FLSA Collective Plaintiffs are entitled to recover damages for unpaid minimum wages, liquidated damages as provided by the FLSA, attorney's fees and costs along with such other relief as this Court deems just and proper.

SECOND CAUSE OF ACTION
Fair Labor Standards Act
29 U.S.C. §§ 201 et seq.
Unpaid Overtime Compensation

66.    Batiste, on behalf of himself and the FLSA Collective Plaintiffs, re-alleges and incorporates by reference all preceding paragraphs as if they were set forth fully herein.

67.    Defendants' unlawfully failed to pay overtime compensation to Plaintiff and the FLSA Collective Plaintiffs during those weeks where they worked in excess of forty hours in the week.

68.    Plaintiff and the FLSA Collective Plaintiffs are entitled to recover damages for unpaid overtime compensation, liquidated damages as provided by the FLSA, attorney's fees and costs along with such other relief as this Court deems just and proper.

THIRD CAUSE OF ACTION
New York Labor Law §§ 650 et seq.
Unpaid Regular Wages

69.    Batiste, on behalf of himself and the Class, re-alleges and incorporates by reference all preceding paragraphs as if they were set forth fully herein.

70. Batiste and the Class seek and are entitled to recover damages for their respective unpaid regular compensation, damages pursuant to NYLL, attorneys' fees and costs, pre- and post-judgment interest along with such other relief as this Court deems just and proper.

## FOURTH CAUSE OF ACTION
New York Labor Law §§ 650 et seq.
Unpaid Overtime

71. Batiste, on behalf of himself and the Class, re-alleges and incorporates by reference all preceding paragraphs as if they were set forth fully herein.

72. Batiste and the Class seek and are entitled to recover damages for their respective unpaid overtime compensation, damages pursuant to NYLL, attorneys' fees and costs, pre- and post-judgment interest along with such other relief as this Court deems just and proper.

## FIFTH CAUSE OF ACTION
New York Labor Law §195(3)
Notice and Recordkeeping Penalties

73. Batiste, on behalf of himself and the Class, re-alleges and incorporates by reference all preceding paragraphs as if they were set forth fully herein.

74. Batiste and the Class seek and are entitled to recover penalties and damages for Defendants' failure to provide accurate wage statements as required by NYLL § 195(3).

## REQUEST FOR RELIEF

Plaintiff Batiste, on behalf of himself, the FLSA Collective Plaintiffs and the Class, requests relief as follows:

(i) Designation of this Action as a Collective Action for the purpose of the claim brought on behalf of the FLSA Collective Plaintiffs, along with prompt issuance of opt-in notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the opt-in class;

(ii) Designation of Batiste as representative of the FLSA Collective Plaintiffs;

  (iii) Designation of Batiste as representative of the Class;

  (iv) An order declaring that Defendants violated the FLSA;

  (v) An order declaring that Defendants violated the NYLL;

  (vi) An order declaring that Defendants' violations of the FLSA and NYLL were willful;

  (vii) An award to Batiste and the FLSA Collective Plaintiffs of minimum wages owed pursuant to the FLSA;

  (viii) An award to Batiste and the FLSA Collective Plaintiffs of overtime wages owed pursuant to the FLSA;

  (ix) An award to Batiste and the Class of regular wages owed pursuant to NYLL;

  (x) An award to Batiste and the Class of overtime compensation owed pursuant to NYLL;

  (xi) An award to Batiste and the FLSA Collective Plaintiffs of liquidated damages pursuant to the FLSA;

  (xii) An award to Batiste and the Class of liquidated damages pursuant to NYLL;

  (xiii) An award of damages and penalties to Batiste and the Class for Defendants' violations of the notice and recordkeeping provisions of NYLL;

  (xiv) An award to Batiste and the Class of all penalties available under the applicable laws;

  (xv) An award of attorney's fees and costs pursuant to 29 U.S.C. § 216 and NYLL § 198, and all other applicable statutes;

    (xvi)    Pre- and Post-Judgment interest; and

    (xvii)   Such other relief as this Court deems just and proper.

Dated: Rhinebeck, New York
January 3, 2017

                      Respectfully submitted:

*/s/ Nathaniel K. Charny*
_____
Nathaniel K. Charny (NC 5664)
Charny & Associates
9 West Market Street
Rhinebeck, NY 12572
Tel. (845) 876-7500
Fax. (845) 876-7501

Thomas Lamadrid (TL 6969)
Eisner & Dictor, PC
39 Broadway, Suite 1540
New York, NY 10006
Tel. (212) 473-8700
Fax. (212) 473-8705

Attorneys for Plaintiff Timothy Batiste

14